UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

DANIEL NEWMAN,

    Plaintiff,

    v.                              CAUSE NO.: 3:19-CV-541-PPS-MGG

ANTHONY LUBER,

    Defendant.

OPINION AND ORDER

Daniel Newman, a prisoner without a lawyer, filed a complaint under 42 U.S.C. § 1983 against Attorney Anthony Luber because he was unhappy with his representation in three of his criminal cases. Pursuant to 28 U.S.C. § 1915A, the court must review the complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. The court applies the same standard as when deciding a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006). To survive dismissal, a complaint must state a claim for relief that is plausible on its face. *Bissessur v. Indiana Univ. Bd. of Trs.*, 581 F.3d 599, 602-03 (7th Cir. 2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 602 (quotation omitted). Nevertheless, a *pro se* complaint must be liberally construed "however inartfully pleaded." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

In his complaint, Newman alleges that Attorney Luber did not provide him with appropriate representation in three of his criminal cases because he made decisions without his consent or knowledge. ECF at 1 at 2-3. "In order to state a claim under [42 U.S.C.] § 1983 a plaintiff must allege: (1) that defendants deprived him of a federal constitutional right; and (2) that the defendants acted under color of state law." *Savory v. Lyons*, 469 F.3d 667, 670 (7th Cir. 2006). While the conduct of private actors can transform them into state actors for § 1983 purposes, the facts must permit an inference that the defendant's actions are "fairly attributable to the state." *L.P. v. Marian Catholic High Sch.*, 852 F.3d 690, 696 (7th Cir. 2017) (quoting *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982)). However, a criminal defense attorney does not act under color of state law. *Polk Cnty. v. Dodson*, 454 U.S. 312 (1981). Therefore, Newman's claims against Attorney Luber—the sole defendant in this lawsuit—must be dismissed.

To the extent Newman is challenging his confinement and seeking release from prison, "habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement . . . ." *Heck v. Humphrey*, 512 U.S. 477, 481 (1994). While this court expresses no opinion on whether Newman should file a habeas petition, to the extent he is seeking relief only available through a habeas petition, he needs to file a habeas petition in a separate case. The clerk will send him a blank conviction habeas form and in forma pauperis form for his use, if he decides to file a habeas petition challenging his conviction.

Although it is usually necessary to permit a plaintiff the opportunity to file an amended complaint when a case is dismissed *sua sponte*, *see Luevano v. Wal-Mart Stores*,

2

*Inc.*, 722 F.3d 1014 (7th Cir. 2013), that is unnecessary where the amendment would be futile. *Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 432 (7th Cir. 2009) ("[C]ourts have broad discretion to deny leave to amend where . . . the amendment would be futile."). Such is the case here. No amendment would change the fact that Newman has sued a defendant that cannot be held liable to him under 42 U.S.C. § 1983.

ACCORDINGLY, the court:

(1) DISMISSES this case pursuant to 28 U.S.C. § 1915A because the complaint does not state a claim; and

(2) DIRECTS the clerk to send Daniel Newman a blank habeas corpus petition, AO-241 (Rev. 1/15) (Conviction, INND Rev. 8/16) and a blank prisoner in forma pauperis petition.

SO ORDERED.

ENTERED: July 30, 2019

/s/ Philip P. Simon
PHILIP P. SIMON, JUDGE
UNITED STATES DISTRICT COURT

3